MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARCO ANTONIO ALARCON ADAME,
*individually and on behalf of others similarly situated,*

                         *Plaintiff,*

                  -against-

EVIR CORP. (D/B/A SAN MARZANO),
KAMRAN MALEKAN, and DAVID
MALEKAN,

                        *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**

**ECF Case**

Plaintiff Marco Antonio Alarcon Adame ("Plaintiff Alarcon" or "Mr. Alarcon"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Evir Corp. (d/b/a San Marzano), ("Defendant Corporation"), Kamran Malekan and David Malekan, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Alarcon is a former employee of Defendants Evir Corp. (d/b/a San Marzano), Kamran Malekan, and David Malekan.

2.    Defendants own, operate, or control an Italian restaurant, located at 117 2nd Avenue New York, New York 10003 under the name "San Marzano".

3. Upon information and belief, individual Defendants Kamran Malekan and David Malekan, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Italian restaurant as a joint or unified enterprise.

4. Plaintiff Alarcon was an employee of Defendants.

5. Plaintiff Alarcon was employed as a delivery worker at the Italian restaurant located at 117 2nd Avenue New York, New York 10003.

6. At all times relevant to this Complaint, Plaintiff Alarcon worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

7. Rather, Defendants failed to pay Plaintiff Alarcon appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Alarcon the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Alarcon to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alarcon and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Alarcon now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Alarcon now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Alarcon's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Alarcon was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Marco Antonio Alarcon Adame ("Plaintiff Alarcon" or "Mr. Alarcon") is an adult individual residing in New York County, New York.

16. Plaintiff Alarcon was employed by Defendants at San Marzano from approximately June 2017 until on or about January 15, 2018.

17. Plaintiff Alarcon consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants own, operate, or control an Italian restaurant, located at 117 2nd Avenue New York, New York 10003 under the name "San Marzano".

19. Upon information and belief, Evir Corp. (d/b/a San Marzano) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 117 2nd Avenue New York, New York 10003.

20. Defendant Kamran Malekan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kamran Malekan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Kamran Malekan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Alarcon, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant David Malekan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Malekan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Malekan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Alarcon, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

- 5 -

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22. Defendants operate an Italian restaurant located in the Lower East Side section of Manhattan in New York City.

23. Individual Defendants, Kamran Malekan and David Malekan, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Alarcon's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Alarcon, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Alarcon (and all similarly situated employees) and are Plaintiff Alarcon's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Alarcon and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Kamran Malekan and David Malekan operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Alarcon's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Alarcon, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Alarcon's services.

30. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Italian restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Alarcon is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

33. Plaintiff Alarcon seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Marco Antonio Alarcon Adame*

34. Plaintiff Alarcon was employed by Defendants from approximately June 2017 until on or about January 15, 2018.

35. Defendants employed Plaintiff Alarcon as a delivery worker.

36. However, Plaintiff Alarcon was also required to spend a significant portion of his work day performing the non-tipped duties described above.

37. Although Plaintiff Alarcon was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

38. Plaintiff Alarcon regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39. Plaintiff Alarcon's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Alarcon regularly worked in excess of 40 hours per week.

41. From approximately June 2017 until on or about October 2017, Plaintiff Alarcon worked as a delivery worker from approximately 3:00 p.m. until on or about 11:00 p.m., six days a week (typically 48 hours per week).

42. From approximately October 2017 until on or about December 2017, Plaintiff Alarcon worked from approximately 3:00 p.m. until on or about 1:30 a.m., six days a week (typically 63 hours per week).

43. From approximately December 2017 until on or about January 2017, Plaintiff Alarcon worked from approximately 3:00 p.m. until on or about 11:00 p.m., six days a week (typically 48 hours per week).

44. From approximately January 1, 2018 until on or about January 15, 2018, Plaintiff Alarcon worked from approximately 4:00 p.m. until on or about 11:30 p.m., three days a week and from approximately 4:00 p.m. until on or about 11:00 p.m., three days a week (typically 43.5 hours per week).

45. Throughout his entire employment, Defendants paid Plaintiff Alarcon his wages in cash.

46. From approximately June 2017 until on or about December 2017, Defendants paid Plaintiff Alarcon $13.00 per hour.

47. From approximately January 1, 2018 until on or about January 15, 2018, Defendants paid Plaintiff Alarcon $14.00 per hour.

48. Defendants never granted Plaintiff Alarcon any breaks or meal periods of any kind.

49. Plaintiff Alarcon was never notified by Defendants that his tips were being included as an offset for wages.

50. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Alarcon's wages.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Alarcon regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Alarcon an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Alarcon, in English and in Spanish (Plaintiff Alarcon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54. Defendants required Plaintiff Alarcon to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, and a chain and lock.

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alarcon (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

56. Plaintiff Alarcon was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants failed to inform Plaintiff Alarcon who received tips that Defendants intended to take a deduction against Plaintiff Alarcon's earned wages for tip income, as required by the NYLL before any deduction may be taken.

58. Defendants failed to inform Plaintiff Alarcon who received tips, that his tips were being credited towards the payment of the minimum wage.

59. Defendants failed to maintain a record of tips earned by Plaintiff Alarcon who worked as a delivery worker for the tips he received.

60. Plaintiff Alarcon was paid his wages in cash.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Alarcon (and similarly situated individuals) worked, and to avoid paying Plaintiff Alarcon properly for his full hours worked.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Alarcon and other similarly situated former workers.

65. Defendants failed to provide Plaintiff Alarcon and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Alarcon and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.     Plaintiff Alarcon brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.     At all relevant times, Plaintiff Alarcon and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA required by the FLSA.

69.     The claims of Plaintiff Alarcon stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

70. Plaintiff Alarcon sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

71. Plaintiff Alarcon brings his New York Labor Law overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Alarcon, are referred to herein as the "Class."

72. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

73. There are questions of law and fact common to the Class including:

   a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

   b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

   c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

   d) Whether Defendants failed and/or refused to pay Plaintiff Alarcon the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

   e) Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

   f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

      g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

      h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

74. The claims of the representative parties are typical of the claims of the class. Plaintiff Alarcon and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

75. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

76. The common questions of law and fact predominate over questions affecting only individual members.

77. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

78. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79. Plaintiff Alarcon repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Alarcon's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Alarcon (and the FLSA and Rule 23 Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

81. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

83. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Alarcon (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84. Defendants' failure to pay Plaintiff Alarcon (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Alarcon (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

86. Plaintiff Alarcon repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Alarcon (and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88. Defendants' failure to pay Plaintiff Alarcon (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89. Plaintiff Alarcon (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

90. Plaintiff Alarcon repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants failed to pay Plaintiff Alarcon(and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff

Alarcon's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

92.     Defendants' failure to pay Plaintiff Alarcon(and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiff Alarcon's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

93.     Plaintiff Alarcon (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

94.      Plaintiff Alarcon repeats and realleges all paragraphs above as though fully set forth herein.

95.     With each payment of wages, Defendants failed to provide Plaintiff Alarcon with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96.     Defendants are liable to Plaintiff Alarcon in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

97. Plaintiff Alarcon repeats and realleges all paragraphs above as though fully set forth herein.

98. Defendants required Plaintiff Alarcon to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

99. Plaintiff Alarcon (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alarcon respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alarcon and the FLSA and Rule 23 Class members;

(c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Alarcon and the FLSA and Rule 23 Class members;

(d) Awarding Plaintiff Alarcon and the FLSA and Rule 23 Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff Alarcon and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alarcon;

(g) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Alarcon (FLSA and Rule 23 Class members);

(h) Declaring that Defendants' violations of the New York Labor Law and spread of hours wage order were willful as to Plaintiff Alarcon and the FLSA and Rule 23 Class members;

(i) Awarding Plaintiff Alarcon and members of the FLSA and Rule 23 Class damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(j) Awarding Plaintiff Alarcon and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k) Awarding Plaintiff Alarcon and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(l) Awarding Plaintiff Alarcon and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(m)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Alarcon demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

April 4, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 14, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:        <u>**Marco Antonio Alarcon Adame**</u>

Legal Representative / Abogado:   <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:   _[signature]_

Date / Fecha:        <u>14 de marzo de 2018</u>