UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MARCO ANTONIO ALARCON ADAME,
individually and on behalf of others similarly
situated,

              *Plaintiffs*,

  -against-

EVIR CORP. (D/B/A SAN MARZANO),
KAMRAN MALEKAN, and DAVID
MALEKAN,

              *Defendants*.

-----------------------------------------------------------X

18 Civ. 2969 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants EVIR Corp., Kamran Malekan, and David Malekan (collectively "Defendants") move to dismiss Count One and Count Five of the Complaint, which allege, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendants further ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

For the reasons that follow, Defendant's motion is GRANTED in PART and DENIED in PART. The Court DENIES Defendant's motion to dismiss Count One and continues to exercise supplemental jurisdiction over Plaintiff's related claims brought under the New York Labor Law §190 *et. seq* ("NYLL"). Count Five of the Complaint is DISMISSED, with leave to amend.

# BACKGROUND

According to the Complaint,[1] Defendants own and operate San Marzano, an Italian restaurant located at 117 2nd Avenue New York, New York 10003 ("San Marzano"). Complaint, Dkt. 1, ¶¶ 2-3. Defendants employed Plaintiff Marco Antonio Alarcon Adame ("Plaintiff" or "Alarcon") as a delivery worker for San Marzano from approximately June, 2017 through January 15, 2018. *Id.* ¶ 34. During that time, Alarcon consistently worked in excess of forty hours a week. *Id.* ¶ 40. Specifically, between June 2017 and October 2017, Plaintiff worked from approximately 3:00 p.m. until 11:00 p.m., six days per week, averaging 48 hours per week. *Id.* ¶ 41. From approximately October 2017 until December 2017, Plaintiff worked from around 3:00 p.m. until 1:30 a.m., six days a week, averaging 63 hours per week. *Id.* ¶ 42. From January 1, 2018 through January 15, 2018, Plaintiff worked from approximately 4:00 p.m. until 11:30 p.m. three days a week and from 4:00 p.m. until 11:00 p.m. three days a week, averaging 43.5 hours per week. *Id.* ¶ 44.[2]

Defendants paid Alarcon in cash. *Id.* ¶ 45. Plaintiff earned $13.00 per hour from June 2017 through December 2017, and $14.00 per hour from approximately January 1, 2018 until on or about January 15, 2018. *Id.* ¶ 46-47. Alarcon did not receive breaks or meal period of any kind and he was never notified that his tips were being included as an offset for his wages. *Id.* ¶¶

---

[1] In deciding the motion to dismiss, the Court accepts as true the allegations in Plaintiff's Complaint and resolves all factual disputes in Plaintiff's favor. *See Schentag v. Nebgen*, No. 1:17-CV-8734-GHW, 2018 WL 3104092, at *14 (S.D.N.Y. June 21, 2018).

[2] The Complaint also alleges that "from approximately December 2017 until January *2017*, Plaintiff worked from approximately 3:00 p.m. until 11:00 p.m. six days per week, averaging 48 hours per week." *Id.* ¶ 43 (emphasis added). The Court assumes based on context that the reference to January 2017 is in error, and that Plaintiff instead intended to reference January *2018*. Since Plaintiff need only allege underpayment for a single workweek to state a plausible overtime claim under the FLSA, *see Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), this one-month period is not dispositive of the instant motion. The Court accordingly ignores that pleading for purposes of this Order.

48-49. Defendants further failed to account for these tips in their weekly accounting of Alarcon's wages, and failed to post notices regarding overtime and wages as required under the FLSA and NYLL. *Id.* ¶¶ 50-51. Alarcon was also required to purchase a bicycle, helmet, chain and lock from his own funds, items he alleges were "tools of the trade" necessary for him carry out his job function. *Id.* ¶ 54.

Adame brings this action on behalf of himself and others similarly situated, alleging violations of statutory minimum wage, overtime, spread of hours provisions, notice and recordkeeping requirements, and wage statement provisions under New York state and federal law. Defendants collectively move to dismiss Plaintiff's FLSA claims and ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining NYLL claims. Dkt. 25.

## **DISCUSSION**

### I. **Motion to Dismiss**

To defeat a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* The court must construe the factual allegations contained in the complaint as true and view the complaint in the light most favorable to plaintiff. *Twombly*, 550 U.S. at 572, 127 S.Ct. 1955.

At the motion to dismiss stage, the court "assess[es] the legal feasibility of the

3

complaint," but does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011).

## II. Analysis

### A. Overtime

Under the FLSA, an employee who works over forty hours in a single work week is entitled to be paid for those excess hours at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To plead an FLSA overtime violation, "a plaintiff must sufficiently allege 40 hours of work in a given workweek," as well as "some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). "While 'mathematical precision' is not required, Plaintiffs are required to utilize their 'memory and experience' in constructing their claim to demonstrate a denial of overtime pay in violation of the FLSA." *Green v. New York City Transit Auth.*, No. 15-CV-8204 (ALC), 2019 WL 1428336, at *7 (S.D.N.Y. Mar. 28, 2019) (citing *DeJesus v. HF Management Services, LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).

The Complaint easily meets Rule 12(b)(6)'s plausibility standard as to Plaintiff's FLSA overtime claim. Plaintiff alleges the approximate start times, end times, and number of days per week worked throughout the entire time he was employed at San Marzano. *See* Complaint ¶¶ 41-45. Plaintiff also calculates the approximate total number of hours worked per week, which ranged from 43.5 to 63 hours, as well as his hourly compensation throughout this period, which was $13 an hour for most of his employment, with an increase to $14 an hour in his final two weeks. *Id.* ¶ 46-47. Plaintiff's allegations are thus distinguishable from the cases relied upon by Defendants, in which the FLSA plaintiff either failed to provide any estimate of her weekly hours, *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013), or the hours the plaintiff alleged

4

did not rise above the forty-hour per week threshold. *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278 (S.D.N.Y. 2014).

Accepting Plaintiff's factual allegations as true, Plaintiff worked in excess of forty hours a week without receiving time and a half pay and states a plausible FLSA overtime claim. *See Werst v. Sarar USA Inc.*, No. 17-CV-2181 (VSB), 2018 WL 1399343, at *6 (S.D.N.Y. Mar. 16, 2018) (denying motion to dismiss FLSA overtime claim where one of the plaintiffs alleged that her "standard workweek was from 10:00 a.m. to 6:00 p.m., however, she routinely was required to work late, typically at least once or twice a week to 8:00 p.m. or 9:00 p.m."); *Lawtone-Bowles v. City of New York*, No. 16-CV-4240 (AJN), 2017 WL 4250513, at *2 (S.D.N.Y. Sept. 22, 2017) (denying motion to dismiss where plaintiffs alleged they worked 8 hour shifts but consistently worked through lunch and an additional 10-30 minutes before and after their shift ended).[3]

### B. Recovery of Equipment Costs

Both the FLSA and NYLL prohibit employers from requiring an employer "to purchase tools of the trade which will be used in or are specifically required for the performance of the employer's particular work and the cost of such tools ... cuts into the minimum or overtime wages required to be paid to [the employee]." *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d

---

[3] Defendants rely principally on Plaintiff's use of the word "approximately" to argue that Plaintiff's Complaint is "exactly the type of pleadings which have been rejected as improperly vague." Def. Mem., Dkt. 25 at 11. The cases upon which Defendants rely to support that assertion, however, actually demonstrate the opposite. In approximating his weekly hours, Plaintiff has done more than is required to sufficiently plead his overtime claim. *See Nahakata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 n.10 (2d Cir. 2013) (*citing Lundy*, 711 F.3d at 114) ("...the standard we reaffirm today does not require an approximate number of overtime hours . . . [but] 'some courts may find that *an approximation* of overtime hours worked may help draw a plaintiff's claim closer to plausibility.'") (emphasis added). *See also Lundy*, 711 F.3d at 114, n.7 ("Under a case-specific approach, some courts may find that *an approximation* of overtime hours worked may help draw a plaintiff's claim closer to plausibility.") (emphasis added).

5

442, 476 (S.D.N.Y. 2015) (internal citations and quotations omitted); *see also* 29 C.F.R. § 531.35; N.Y. Comp.Codes R. & Regs. tit. 12, § 146–2.7(c). "Vehicles such as bicycles, motorcycles, and mopeds are considered 'tools of the trade' if employees are required to possess and utilize them in the course of their employment." *Guan Ming Lin v. Benihana Nat'L Corp.*, 755 F. Supp. 2d 504, 511 (S.D.N.Y. 2010). Employers can, however, "require employees to bear the costs of acquiring and maintaining tools of the trade so long as those costs . . . do not reduce their wage to below the required minimum," *Maldonado v. La Nueva Rampa, Inc.*, No. 10 CIV. 8195 LLS JLC, 2012 WL 1669341, at *7 (S.D.N.Y. May 14, 2012). A "tools of the trade" claim, then, must plausibly allege that the costs borne by the employee, when deducted from the employees' wages, reduce the employee's wage below the required minimum. *See id.*

Alarcon's tools of the trade claim fails because he does not demonstrate that his purchase of a bike, helmet, chain and lock caused his wage to go below the statutory minimum.[4] Plaintiff's sole factual allegation is that "Defendants required Plaintiff Alarcon to purchase 'tools of the trade' with his own funds—including a bicycle, a helmet, and a chain and lock." Complaint ¶ 54. Beyond this legally conclusory statement, however, Plaintiff does not provide any information regarding the cost and/or maintenance of these items, making it impossible to calculate if and how the cost of these tools impacted his wages. Absent such information, Plaintiff's tools of the trade claim fails as a matter of law. *See Guan Ming Lin*, 755 F. Supp. 2d at 512; *see also Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 507 (S.D.N.Y. 2013).[5]

---

[4] The federal minimum is currently set at $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). Depending on the size of Plaintiff's employer, which is not specified in the Complaint, the New York State minimum wage was either $10.50 or $11 in 2017, $12 or $13 in 2018, and $13.50 or $15 in 2019. *See* N.Y. Lab. Law § 652 (1)(a)(i)-(1)(a)(ii).

[5] Plaintiff argues that "[b]ecause Plaintiff alleges that he was not paid at the overtime rate, any amount of money that he paid for these tools of the trade additionally 'cut into' the overtime wages that he was required to be paid by Defendants." Pl.'s Opp, Dkt. 23, at 9. Precedent makes clear, however, that Alarcon cannot simply rely on his overtime claim to support a separate count for equipment costs. *See Hernandez v. Spring Rest Grp., LLC*, No. 17-

Count Five of the Complaint, accordingly, is dismissed. Since Defendants have not yet answered the Complaint and amendment would not be futile, *see Herrera v. Council for Human Servs. Home Care Servs. Corp.*, No. 05 CIV. 10734 (DAB), 2008 WL 4104025, at *2 (S.D.N.Y. Aug. 28, 2008), the Court grants Plaintiff leave to amend within 30 days of this Order.

### C. NYLL Claims

Having denied Defendants' motion to dismiss Alarcon's FLSA overtime claim, the Court retains supplemental jurisdiction, pursuant to 28 U.S.C. § 1331, over the remaining NYLL claims.

## CONCLUSION

Defendants' motion to dismiss is DENIED as to Count One of the Complaint but GRANTED as to Count Five. Plaintiff shall have 30 days from the date of this Order to amend, after which Defendants shall answer the Complaint.

The Clerk of the Court is instructed to close the motion at Dkt. 24.

Dated: New York, New York  
July 22, 2019

SO ORDERED

/s/ Paul A. Crotty  
PAUL A. CROTTY  
United States District Judge

---

CV-6084 (AJN), 2018 WL 3962832, at *4 (S.D.N.Y. Aug. 17, 2018) (upholding plaintiffs' FLSA minimum wage and overtime claims but dismissing plaintiffs' tools of the trade claim where complaint failed to specify the cost for purchase and maintenance of allegedly required work uniforms.)